The opinion of the Court was delivered by
Whitner, J.
This was an action of debt on a bail bond, and the defence was an alleged render of the principal by his bail to the sheriff of Fairfield. This Court has been struggling for years to subject this class of cases to the operation of certain well defined rules whereby the facts should be of easy ascertainment, and the rights of all parties be fully secured.
*150 The rule of conduct prescribed in the recent case of Moyers vs. Center, (2 Strob. 439.) it is expected will be observed in cases arising since it was promulged, and, consequently, the principal difficulties in the future will be obviated.
In the mean time, however, there is no disposition to relax the principles well settled in the three leading cases of Bomar vs. Poole, 2 Sp. 119; Glover vs. Gomillion. 2 Rich. 554, and Moyers vs. Center, 2 Strob. 439.
To these cases reference was had at the trial on circuit, and these principles were sought to be enforced. On this part of the case, the complaint here made is not of any misdirection or departure on the part of the Judge but of a disregard or micon-ception by the jury.
It is not now proposed to lay down any new rule, or to add in any way to what has, in the above cases, been so fully settled and so perspicuously defined. On the examination of the testimony adduced, we are constrained to say the facts fall short of the defence alleged, and do not amount, in law, to a discharge. I shall not undertake, on the present occasion, a review of this proof in order to vindicate this opinion, entertained, as it is, by the whole Court. This will be seen by the sequel to be unnecessary.
Thompson, the principal in the bond, was examined as a witness on the part of the defendant, although his competency was objected to. Without the testimony he gave, it could not be pretended there was the slightest foundation on which to rest the verdict. This constitutes the first ground of appeal, and though neither argument was made nor authority adduced by counsel on the circuit, or in this Court, to this point, I am now satisfied the case should go back for a new trial on this ground also. If I had been aware of the case of Cleveland vs. Covington, (3 Strob. 184,) I would have sustained the objection on the circuit. On general principles, I thought differently from the ruling in that case, and if the question was yet open, I would avail myself of the occasion to express my views in accordance with those of Withers, J. when that case was heard. But so *151 stands the law, and there is no present purpose to disturb it. On the authority of that case, because of the supposed acquiescence of the principal in this defence, it seems he- would be regarded as liable for the costs of this contest, in the event of recovery against this surety, and hence the interest of the principal in this issue. In this view a majority of this Court concur.
The motion for a new trial is granted.
O’Neall, Evans, Wardlaw, Frost and Withers, JJ. concurred.

Motion granted.